IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTURO MORENO, | ) | |
| | ) | |
| Plaintiff, | ) | 4:18-cv-02757 |
| | ) | |
| v. | ) | |
| | ) | |
| PERFECTION COLLECTION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, ARTURO MORENO, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, PERFECTION COLLECTION, LLC, the plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. ARTURO MORENO, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Houston, County of Harris, State of Texas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Vivint (hereinafter, "the Debt").

6. The Debt was for home security equipment and services allegedly provided to Plaintiff for his residence.

7. Upon information and belief, Defendant purchased, acquired and/or otherwise obtained the Debt for the purpose of collection from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. PERFECTION COLLECTION, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Texas. Defendant's principal place of business is located in the State of Utah. Defendant is registered as a limited liability company in the State of Utah.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

15. Defendant has been reporting the Debt to one or more "consumer reporting agency" as that term is defined by §1681a(f) of the Fair Credit Reporting Act, (hereinafter, FCRA). 15 U.S.C. §1681 *et seq.*

16. Despite the fact that Plaintiff did not owe the Debt as he had never obtained any services or equipment from Vivint, Defendant reported the Debt as being owed by Plaintiff.

17. On or about January 1, 2018, Plaintiff first noticed that Defendant was reporting the Debt to Trans Union.

18. On or about May 1, 2018, Plaintiff noticed that Defendant was now reporting the Debt to both Trans Union and Experian.

19. From January to May of 2018, Plaintiff attempted to have the Debt removed from his credit reports by submitting disputes to the credit bureaus, but was not successful.

20. On or about May 10, 2018, Plaintiff sent a correspondence to Defendant disputing the Debt and requesting validation of the Debt.

21. On or about May 17, 2018, Plaintiff received a correspondence from Defendant enclosing a copy of a contract signed by an Arturo Moreno, with a date of birth listed in 1976, a phone number ending 6246, and a service address on Sherrie Lane in Desoto, Texas.

22. Plaintiff was not born in 1976, has not had a phone number ending 6246, and has never lived on Sherrie Lane in Desoto, Texas.

23. The Debt that Defendant is reporting to the consumer reporting agencies is not Plaintiff's Debt, but that of a different Arturo Moreno.

24. On or about May 29, 2018, Plaintiff contacted Defendant by telephone and spoke with a duly authorized representative of Defendant who identified himself as "Matt."

25. During the aforesaid telephone conversation, Plaintiff stated to Defendant that the Debt was not his, that he had never done business with Vivint, and that the contract provided by Defendant had someone else's information on it.

26. Specifically, Plaintiff notified Defendant that the contract contained a date of birth that did not match his, a telephone number that he had never used, and an address at which he had never lived.

27. During the aforementioned telephone call, Defendant refused to remove the Debt from Plaintiff's credit reports and insisted that Plaintiff locate the person who opened the account.

28. Despite being notified that Plaintiff did not owe the Debt, had never done business with Vivint, and that the contract creating the obligation contained information about an entirely different person, Defendant has continued to report the Debt as owed by Plaintiff to one or more consumer reporting agencies.

29. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

   c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

30. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

31. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ARTURO MORENO, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

      a.    All actual compensatory damages suffered;

      b.    Statutory damages of $1,000.00;

      c.    Plaintiff's attorneys' fees and costs;

      d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**ARTURO MORENO**

By:   s/ Leroy B. Scott
      Attorney for Plaintiff

Dated: August 9, 2018

Leroy B. Scott  (Bar # 24083824)
SMITHMARCO, P.C.
PO Box 420453
Houston, TX 77242-0453
Direct Dial:	(214) 329-4717
Facsimile:	(888) 418-1277
E-Mail:	lscott@smithmarco.com